UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH G. ALBE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-6654 |
| SCOTTSDALE INSURANCE COMPANY | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Defendant Scottsdale Insurance Company's motion to dismiss. (Rec. Doc. 5). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

**I.   BACKGROUND**

This action arises out of property damage caused by Hurricane Isaac and construction activity. Scottsdale issued a commercial property and general liability insurance policy to Plaintiff Joseph Albe for 2331 Canal Street in New Orleans. The policy period lasted from February 28, 2012, through February 28, 2013. Mr. Albe submitted a claim to Scottsdale on September 3, 2012, after his property allegedly sustained roof and window damage as a result of Hurricane Isaac on August 29, 2012. Following an investigation, Scottsdale denied the claim because the covered damage did not exceed the policy's deductible. Several months later, on December 20, 2012, Mr. Albe submitted a second claim to Scottsdale for damage allegedly resulting from the vibrations caused by construction activity across the street. Following another investigation, Scottsdale also denied that claim because of the policy's exclusions.

On August 8, 2013, Mr. Albe—and his wife, Plaintiff Michelle Albe—filed a petition in state court. In response, Scottsdale filed no-right-of-action and no-cause-of-action preemptory exceptions and improper-cumulation-of-actions and nonconformity-of-the-petition dilatory

exceptions. On November 15, 2013, the Albes provided a copy of an amended complaint, which increased the value of each of the disputed claims and added an allegation of bad faith. Scottsdale removed the action to this Court, even though the amended petition "has not been served on Scottsdale (because the sheriff is holding service pending payment by [Mr. Albe])." (Rec. Doc. 5-1 at 5).

## II.     PRESENT MOTION

Scottsdale now moves to dismiss because there was insufficient service of process and because the Albes have failed to state a claim upon which relief may be granted. (Rec. Doc. 5). With regard to service of process, it argues that the Albes have failed to effectuate service of process for the amended petition in the manner required by law. With regard to the Albes' alleged failure to state a claim, Scottsdale alleges that Mrs. Albe is not a party to the insurance policy and that the structural damage claim incorrectly alleges that it was the entity that performed the construction activity.

The Albes respond. (Rec. Doc. 7). With regard to insufficiency of process, they argue that service of citation was not required for the amended petition (they also note that Scottsdale acknowledged receiving the amended complaint). With regard to their alleged failure to state a claim, they argue that, as a co-owner of the property, Mrs. Albe's claims are valid because she is a third party beneficiary. They also argue that their claim for structural damage should not be dismissed because their allegation that Scottsdale had performed the construction activity that damaged the property was a typographical error.

Scottsdale replies. (Rec. Doc. 10). Specifically, it notes that it was forced to request a copy of the amended petition after it had filed its exceptions to the original petition. With regard to Mrs. Albe's standing, Scottsdale states that her co-ownership of the property has not been alleged and thus her claims against it must be dismissed. It also argues that even if the Albes'

2

claim regarding construction damage was made deficient by a typographical error, it must also be dismissed.

### III.   LAW & ANALYSIS

#### A.   Insufficient Service of Process

First, it is necessary to determine whether sufficient service of process existed prior to removal. Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to dismiss a civil action for insufficiency of service of process. FED. R. CIV. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 645 (5th Cir. 1994), *cert. denied*, 513 U.S. 1016 (1994). Absent proper service of process, a court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). This action originated in Louisiana state court, therefore it is necessary to determine whether there was proper service of process pursuant to state law.

Under Louisiana law, "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." LA. CODE CIV. P. art. 1201. There does not appear to be any dispute that sufficient service of citation existed with regard to the original petition. Ordinarily, the same requirements apply "[w]hen a supplemental or amended petition is filed naming any *additional* defendant." *Id.* (emphasis added). However, because the amended petition at issue here did not name any additional defendants, additional service of citation was unnecessary.

Accordingly, a different set of service of process requirements apply to "every pleading subsequent to the original petition." LA. CODE CIV. P. art. 1312. A subsequent pleading may be served by "[t]ransmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service." LA. CODE CIV. P. art. 1313. "Service

3

by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served." *Id.* By faxing the amended petition in the manner required, service of process properly existed with regard to the amended petition. Therefore, service or process existed with regard to both the original and amended petitions.

### B. Failure to State a Claim

Second, it is necessary to determine whether Mrs. Albe's claims must be dismissed because she was not a third party beneficiary to the insurance policy and whether the Albes' claim for structural damage must be dismissed because Scottsdale is not the liable party. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

With regard to Mrs. Albe's claims, the parties do not dispute that she is not a named insured under the policy. Under Louisiana law, "[a]n insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). If plaintiffs are not parties to the insurance policy, "they can only avail themselves of the benefit of [it] if they are third party beneficiaries." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1211 (La. 2006). Ordinarily, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." La. Civ. Code

art. 1978. "[S]uch a contract for the benefit of a third party is commonly referred to as a 'stipulation *pour autrui*.'" *Joseph*, 939 So. 2d at 1211. In determining whether such a stipulation exists, three requirements must be met. First, "[t]he most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof." *Id.* at 1212. This clear manifestation is "never presumed." *Id*. Further, "if the contract must be in writing, then the stipulation *pour autrui* must also be in writing." *Id.* at 1215 n.13 (quotation omitted). Second, "there must be certainty as to the benefit to accrue to the beneficiary." *Id*. at 1212 (quotation omitted). Third, the benefit must not be merely incidental. *Id*. The parties do not appear to dispute the fact that Mrs. Albe is not a party to the insurance policy, therefore she may only avail herself of it as a third party beneficiary. In their memorandum, the Albes suggest that Mrs. Albe is a third party beneficiary because she is the co-owner of the property at issue. However, neither their original nor amended petitions include or provide a basis for such an allegation. Therefore, Mrs. Albe's claims against Scottsdale must be dismissed. With regard to the Albes' structural damage claim, which alleges that damage was caused by Scottsdale's construction activity, it is undisputed that this was a typographical error. It too must be dismissed. However, considering the mandate of Federal Rule of Civil Procedure 15(a)(2), which provides that a "court should freely give leave [to amend] when justice so requires," the Court finds that such leave is appropriate in this instance.

IV. **CONCLUSION**

For these reasons, **IT IS ORDERED** that Scottsdale's motion to dismiss is **GRANTED IN PART**, with respect to both of Mrs. Albe's claims and with respect to the Albes' structural damage claim, and **DENIED IN PART**, with respect to sufficiency of process. **IT IS**

**FURTHER ORDERED** that the Albes be given leave to file an amended complaint pursuant to Rule 15(a)(2) on or before May 15, 2014.

    New Orleans, Louisiana, this 11th day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE
