| | | |
|---|---|---|
| JOSEPH G. ALBE, ET AL. | | CIVIL ACTION |
| VERSUS | | NO. 13-6654 |
| SCOTTSDALE INSURANCE COMPANY | | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant Scottsdale Insurance Company's motion to dismiss the claims of Michelle Albe. (Rec. Doc. 15). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

## I.    BACKGROUND

This action arises out of property damage caused by Hurricane Isaac and construction activity. Scottsdale issued a commercial property and general liability insurance policy ("Policy") to Plaintiff Joseph Albe for 2331 Canal Street in New Orleans. The Policy period lasted from February 28, 2012, through February 28, 2013. Mr. Albe submitted a claim to Scottsdale on September 3, 2012, after his property allegedly sustained roof and window damage as a result of Hurricane Isaac on August 29, 2012. Following an investigation, Scottsdale denied the claim because the covered damage did not exceed the Policy's deductible. Several months later, on December 20, 2012, Mr. Albe submitted a second claim to Scottsdale for damage allegedly resulting from the vibrations caused by construction activity across the street. Following another investigation, Scottsdale also denied that claim because of the Policy's exclusions.

On August 8, 2013, Mr. Albe—and his wife, Plaintiff Michelle Albe—filed a petition in state court. In response, Scottsdale filed no-right-of-action and no-cause-of-action preemptory

exceptions and improper-cumulation-of-actions and nonconformity-of-the-petition dilatory exceptions. On November 15, 2013, the Albes provided a copy of an amended complaint, which increased the value of each of the disputed claims and added an allegation of bad faith. Scottsdale removed the action to this Court, even though the amended petition "has not been served on Scottsdale (because the sheriff is holding service pending payment by [Mr. Albe])." (Rec. Doc. 5-1 at 5).

On December 20, 2013, Scottsdale moved to dismiss for insufficient service of process and failure to state a claim upon which relief may be granted. (Rec. Doc. 5). The Court denied the motion in part, with respect to sufficiency of process, and granted the motion in part, with respect to both of Mrs. Albe's claims and with respect to the Albes' structural damage claim. (Rec. Doc. 11). In pertinent part, the Court reasoned that because Mrs. Albe's only potential claim was that of a third-party beneficiary, it must dismiss her claim because there was no allegation that she was a co-owner of the property. The Court also granted the Albes leave to amend their complaint, which they did. (Rec. Doc. 14). The Albes added to their complaint allegations that the property "was purchased by Plaintiffs Joseph G. Albe and Michelle G. Albe in 2003, and both plaintiffs remain current co-owners of this property" and that "Michelle G. Albe, as a co-owner of the property, is a contemplated beneficiary of the Scottsdale policy providing coverage for the damages sustained to the building/structure and contents of Plaintiffs' property." *Id.*

## II.    PRESENT MOTION

Scottsdale again moves to dismiss the claims of Mrs. Albe for failure to state a claim upon which relief may be granted. (Rec. Doc. 15). Scottsdale states that the second amended complaint makes no substantial changes to the complaint, except for an allegation that Mrs. Albe is a co-owner of the property and a contemplated beneficiary. Scottsdale argues that Mrs. Albe is

not a third-party beneficiary because the Policy does not provide a manifestly clear benefit to her.[1] Scottsdale also argues that, even if there were an intended benefit to Mrs. Able, that benefit is uncertain and merely incidental to the Policy. Therefore, it argues, Mrs. Able is not a third-party beneficiary under the insurance contract.

The Albes respond. (Rec. Doc. 16). They argue that the standard for a 12(b)(6) motion requires the Court to "accept the factual allegations in the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of claims in a light most favorable to the plaintiffs." Under this standard, the Albes argue, they have adequately pleaded the claim of Mrs. Able. In their second amended complaint, they emphasize, they specifically alleged that Mrs. Albe is a co-owner of the property and a contemplated beneficiary of the Policy.

Scottsdale replies. (Rec. Doc. 20). It argues that regardless whether Mrs. Albe is a co-owner, the allegation that she is a contemplated third-party beneficiary is not a well-pleaded fact but rather is a "conclusion" akin to an insufficient formulaic recitation of the elements of a cause of action. Scottsdale further argues that Mrs. Albes' claims should be dismissed with prejudice because Plaintiffs fail to allege facts to support the elements for a third-party beneficiary under Louisiana case law.

## III.    LAW & ANALYSIS

### A.    Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A 12(b)(6)

---

[1] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004).

motion is "viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

### B.    Analysis

As the Court previously noted, (Rec. Doc. 14), Mrs. Albe is not a named insured for commercial property coverage under the Policy, therefore her only claim here would be that of a third party beneficiary. Ordinarily, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." LA. CIV. CODE art. 1978. "[S]uch a contract for the benefit of a third party is commonly referred to as a 'stipulation *pour autrui*.'" *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1211 (La. 2006). In determining whether such a stipulation exists, three requirements must be met. First, "[t]he most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof." *Id.* at 1212. This clear manifestation is "never presumed." *Id.* Further, "if the contract must be in writing, then the stipulation *pour autrui* must also be in writing." *Id.* at 1215 n.13 (quotation omitted). Second, "there must be certainty as to the benefit to accrue to the beneficiary." *Id*. at 1212 (quotation omitted). Third, the benefit must not be merely incidental. *Id*.

Here, the Plaintiffs' second amended complaint alleges that the damaged property "was purchased by Plaintiffs Joseph G. Albe and Michelle G. Albe in 2003, and both plaintiffs remain current co-owners of this property." The complaint further alleges that "Michelle G. Albe, as a co-owner of the property, is a contemplated beneficiary of the Scottsdale policy providing coverage for the damages sustained to the building/structure and contents of Plaintiffs' property." Accepting these facts as true, for the purposes of the instant motion, Mrs. Albe's claim is plausible. Based on these allegations, it is more than conceivable that the Policy manifested a clear benefit to all owners of the insured property, particularly where Mrs. Albe was a co-owner of the property throughout the entirety of the Feburary 2012 to February 2013 Policy period. Likewise, a co-owner such as Mrs. Albe could plausibly claim a benefit under the Policy that is certain and not merely incidental. It is plausible that the parties contemplated such a benefit to the co-owner of the property when agreeing to the insurance contract. Although discovery may give the Court reason to revisit the issue at the summary judgment stage, at this juncture in the litigation the fact that the Plaintiffs pleaded the fact of co-ownership and contemplation of benefits under the Policy is sufficient to survive a 12(b)(6) motion.

IV.    **CONCLUSION**

For these reasons, **IT IS ORDERED** that Scottsdale's motion to dismiss, (Rec. Doc. 15), is **DENIED**.

New Orleans, Louisiana, this 1st day of September, 2014.

UNITED STATES DISTRICT JUDGE